UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL ACTION H-14-20-003-S |
| DEAN LESTER SPRINGER, SR. | § | |

## Order

Pending before the court are the following motions, all filed by defendant Dean Lester Springer: (1) a motion to transcribe grand jury minutes (Dkt. 91); (2) a motion for list of witnesses (Dkt. 92); (3) a motion for notice by the Government of its intent to rely on other crimes, wrongs, acts, and misconduct evidence (Dkt. 93); (4) a motion for government correspondence with witnesses (Dkt. 95); (5) a motion for discovery (Dkt. 96); (6) a motion to discover criminal records of witnesses (Dkt. 97); (7) a motion for production of law enforcement interview reports or notes with individuals who will not be trial witnesses (Dkt. 98); (8) a motion for early disclosure of agreements with government witnesses (Dkt. 99); (9) a motion for early disclosure of Jencks Act materials (Dkt. 100); (10) a motion for disclosure of payments to government witnesses (Dkt. 101); (11) a motion for preservation and production of rough notes (Dkt. 102); (12) a motion for notice of evidence under Rule 12(b)(4)(B) (Dkt. 103); and (13) a motion for early disclosure of identity and whereabouts of informants and cooperating individuals (Dkt. 104). The United States of America ("USA") has filed a response to these motions, in which it states that it will comply with the Federal Rules of Criminal Procedure, binding case law, and the Jencks Act. Dkt. 105.

After considering the motions, the Government's response, and applicable law, the court is of the opinion that the motions at docket entries 98, 100, and 102 should be DENIED, the motions at docket entries 92, 95, 96, and 99 should be GRANTED IN PART AND DENIED IN PART as further explained below, and the motions at docket entries 91, 93, 97, 101, and 103 should be GRANTED AS UNOPPOSED.  The court DEFERS ruling on the motions at docket entry 96, request thirteen, and docket entry 104 until the Government has provided the requested information and materials for *in camera* inspection.

## I. Motion to Transcribe Grand Jury Minutes

Springer moves for an order requiring that the Government have the minutes and proceedings of the Grand Jury transcribed so that they will be available at trial should the court rule that they are producible for Springer's inspection and use.  Dkt. 91.  The Government in its response has agreed to provide defense counsel with a transcript of the Grand Jury testimony, as required by the Jencks Act.  Dkt. 105 at 3–4; 18 U.S.C. § 3500.  Springer's motion is therefore GRANTED AS UNOPPOSED.

## II. Motion for List of Witnesses

Springer's moves for an order requiring the Government to provide a list of witnesses that the Government may call during its case-in-chief or rebuttal prior to trial so that Springer may properly voir dire the jury panel and intelligently exercise his peremptory challenges.  Dkt. 92. Springer contends that he cannot meaningfully confront and cross-examine witnesses without having their identities, including names and addresses, disclosed well in advance of trial.  *Id.*  The Government has agreed to provide Springer with a list of all witnesses that will testify in the

government's case-in-chief at trial. Dkt. 105 ¶ 6. It does not address the request for a list of rebuttal witnesses. *See id.*

"[T]here is no constitutional right to pretrial discovery of witnesses in non-capital cases." *United States v. Aguilar*, 503 F.3d 431, 434 (5th Cir. 2007) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837 (1977)). "Rule 16 . . . makes no provision for the production of the names and addresses of witnesses for the government." *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982). In certain cases, however, due process or the supervisory powers of the court may require "the divulgence of information in the government's hands." *Id.* For instance, the Government may be required to provide discovery not otherwise required by the rules if it is exculpatory or if it relates to confidential informants who have relevant and helpful information. *Id.* (citing *Weatherford*, 429 U.S. at 559; *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); and *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623 (1957)).

Here, there is no indication that there is a need for production of a witness list prior to the time it is required under the Local Rules. However, because the Government has agreed to provide a list of witnesses, Springer's motion, to the extent it requests early disclosure of the *names* of the witnesses, is GRANTED AS UNOPPOSED. Springer's motion is otherwise DENIED.

### III. MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENT TO RELY ON OTHER CRIMES, WRONGS, ACTS, AND MISCONDUCT EVIDENCE

Springer moves for an order requiring the Government to provide pretrial notice under Rule 404(b) of the Federal Rules of Evidence of its intent to introduce evidence alleging that Springer committed other crimes, wrongs, acts, and misconduct, and to provide Springer with a list of all such evidence, including the names of witnesses, dates, summaries of expected testimony, and any related

documentary evidence. Dkt. 93. The Government states that it does not currently intend to offer testimony regarding extraneous offenses, but will provide notice to Springer if that intention changes. Dkt. 105 at 3. Springer's motion for disclosure is therefore GRANTED AS UNOPPOSED.

### IV. MOTION FOR GOVERNMENT CORRESPONDENCE WITH WITNESSES

Springer moves for an order requiring the Government to produce correspondence with witnesses. Dkt. 95. Specifically, Springer asks for (1) correspondence concerning whether a witness will be or could be charged with a crime; (2) any written correspondence; (3) statements that may be inconsistent with trial testimony; and (4) any plea agreements, cooperation agreements, or criminal charges involving any witness. *Id.* The Government does not specifically address this motion, but has agreed to inform Springer of any agreements made with witnesses and to disclose *Giglio* materials, which would include statements inconsistent with trial testimony. *See* Dkt. 105. Springer's motion is GRANTED AS UNOPPOSED to the extent that he requests materials discoverable under *Brady*, *Giglio*, and their progeny. Springer's motion is otherwise DENIED.

### V. MOTION FOR DISCOVERY

Springer moves for an order requiring that the Government produce and permit him to inspect and copy the following items: (1) Springer's statements to law enforcement agents, whether written or recorded; (2) Springer's criminal records; (3) tangible evidence intended for use by the Government in its case-in-chief, along with a designation as to which materials fall in this category; (4) books, papers, documents, computer equipment, and other objects in the prosecution's possession that were obtained from Springer; (5) the date, time, and location of each occasion when surveillance, mail cover, search and seizure was made of Springer, together with all documents,

photos, recordings, and other materials resulting from such occasions; (6) all reports and results of any physical examinations or scientific tests or experiments conducted by the Government or its agents; (7) Rule 404(b) evidence; (8) all statements required under the Jencks Act; (9) evidence that may favor defense or impeaches; (10) prior criminal records of any person that the Government intends to call as a witness, including the FBI Identification Sheet showing prior arrest and convictions of the witnesses and the witnesses' status on parole, probation, or suspended sentence; (11) impeachment evidence, including offers or promises of grants of immunity, leniency, financial assistance or other favorable action extended by the Government to any person it plans to call as a witness; (12) inconsistent statements by any witness the Government plans to call at trial, including any statement, writing, or record of any kind that contains information inconsistent with the Government's theory of the case; (13) evidence that a Government witness suffers or has suffered from a mental or emotional disturbance or drug/alcohol abuse during the period from the indictment through trial; (14) all discoverable information from the personnel or employment files of all informants or agents who may testify; (15) the last known address and phone number of each prospective Government witness; (16) any evidence that could lower the offense level under the sentencing guidelines role in the offense, loss amount, or other adjustment; (17) names of expert witnesses the Government intends to call at trial as well as a summary pursuant to Rule 17(a)(1)(G); and (18) the names, addresses, telephone numbers, and present locations of any informant or cooperating individual or any other agent of any governmental agency who supplied information that led to the arrest of Springer. Dkt. 96. Springer further requests that the Government inform the court if it intends to delay in production of *Giglio* and *Brady* materials until trial or shortly before, as these requests are for production of responsive items as soon as the information becomes

available. *Id.* Springer also asks for a paragraph-by-paragraph response to his request for production. *Id.* With regard to the request for a paragraph-by-paragraph response, the Government is not required to point the defendant to specific documents within its overall production. *United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997). Accordingly, the request for an itemized response to the discovery requests is DENIED. The court will consider the remainder of the requests *seriatim*.

**A.  Request One**

The Government states that it will make available any written or recorded statements of Springer that are in its possession, custody, or control, pursuant to Rule 16. Dkt. 105. It declines, however, to provide the requested contact information of witnesses with personal knowledge of Springer's statement, as Rule 16 does not require this disclosure. *Id.* It also declines to provide the statements of Springer's co-conspirators, noting that neither the Rules nor the Jencks Act require this disclosure. *Id.* All that Springer has cited with regard to his request for these statements and for addresses of persons who witnessed or have knowledge of his statements is Rule 16(a)(1)(A). This rule does not require the disclosure Springer seeks. Accordingly, Springer's motion for statements is GRANTED AS UNOPPOSED to the extent that it requests materials the Government is required to produce under Rule 16(a)(1)(A). It is otherwise DENIED.

**B.  Requests Two through Four**

Springer's requests for (a) his criminal records (request 2), (b) tangible evidence the Government will use in its case-in-chief (request 3), and (c) items obtained from Springer (request 4), are GRANTED AS UNOPPOSED. *See* Dkt. 105 ¶ 1 (stating that the Government will provide these materials).

C.  **Request Five**

Springer requests the date, time, and location of searches and surveillance made of him in this case, together with all documents, photos, recordings, and other materials resulting from these searches and surveillance. He further requests (a) all recorded statements from him, along with copies of orders, applications, and other related papers for wiretaps or other means of permitting interception or communication; and (b) copies of all search warrants and affidavits or the "returned evidence" the Government intends to offer in this case. The Government has agreed to make available any relevant written or recorded statements of Springer, or copies thereof, within the Government's possession, custody, or control. *See* Dkt. 105. It has further agreed to make available photographs, books, papers, documents, tangible objects, buildings, and places for inspection and copying, which documents and tangible objects are in the possession, custody, or control of the Government, and which are material to the preparation of the defense or may be used by the Government in its case-in-chief at trial, or were obtained from Springer. *See id.* Springer did not meet the burden of showing need for *all* "related papers" for wire taps. *See, e.g.*, *United States v. Carter*, No. 10-0230, 2011 WL 2560239 (W.D. La. June 24, 2011) (denying motion to disclose interim reports during the course of wire taps authorized by the court). Springer's request is GRANTED AS UNOPPOSED to the extent he requests materials the Government has already agreed to disclose. Springer's request is otherwise DENIED.

D.  **Requests Six and Seven**

Springer's requests for (a) reports and results of physical examinations and scientific tests (request 6), and (b) Rule 404(b) evidence (request 7), are GRANTED AS UNOPPOSED. *See* Dkt. 105 ¶¶ 1, 5 (indicating that the Government will provide these materials).

E.      **Request Eight**

Springer's request for Jencks Act materials is GRANTED IN PART AND DENIED IN PART. Because the Government has agreed to disclose any materials pursuant to Rules 16 and 26.2, the Jencks Act, *Brady*, and *Giglio*, Springer's request is GRANTED to the extent it requests materials required under those authorities. It is DENIED to the extent he requests rough notes for the reasons outlined below relating to his motion that specifically addressed the notes.

F.      **Requests Nine through Eleven**

Springer's request for *Brady* and *Giglio* materials (request 9) is GRANTED AS UNOPPOSED. *See* Dkt. 105 ¶ 1, 2. Springer's request for prior criminal records of Government witnesses (request 10) is GRANTED AS UNOPPOSED to the extent he requests criminal records required under *Giglio*. *See* Dkt. 105 ¶ 1. Springer's request for impeachment evidence, *Giglio* materials, and evidence of promises of benefit to witnesses (request 11) is GRANTED AS UNOPPOSED to the extent he requests materials covered by *Brady*, *Giglio*, and their progeny. *See* Dkt. 105 ¶ 1–3 (the Government asserts that it has made no promises of benefit to any witnesses, but will inform Springer if that changes).

G.      **Request Twelve**

The Government does not address Springer's motion for disclosure of inconsistent statements of witnesses who will testify at trial. *See* Dkt. 105. However, these statements should be disclosed under *Giglio*; the motion is therefore GRANTED.

H.      **Request Thirteen**

The Government also does not address the request for information about any mental problems or drug abuse by Government witnesses. *See* Dkt. 105. If the Government has such

information that it does not believe it is required to disclose, the court ORDERS that the Government provide it to the court for *in camera* inspection.

**I.      Request Fourteen**

The Government also does not specifically address Springer's request for any *Brady* or *Giglio* materials in the personnel or employment folders of informants or agents who may testify, though it acknowledges that it must produce *Brady* and *Giglio* materials (Dkt. 105 ¶ 1–2). Since Springer merely requests *discoverable* materials under *Brady* or *Giglio*, or an affidavit stating no such materials exist, the request is GRANTED.

**J.      Request Fifteen**

Springer's request for the *names* of each prospective Government witnesses, to the extent it requests early disclosure, is GRANTED AS UNOPPOSED, but his request for the addresses of each prospective Government witnesses is DENIED, for the reasons stated above in regard to Springer's separate motion for a list of witnesses.

**K.      Request Sixteen**

Springer's request for evidence that could lower his sentence or offense level, which the Government does not specifically address, is GRANTED.

**L.      Request Seventeen**

Springer's request for the names of expert witnesses that the Government intends to call at trial as well as a written summary is GRANTED AS UNOPPOSED. *See* Dkt. 105 ¶ 1.

**M.      Request Eighteen**

Springer requests disclosure of the names, addresses, phone numbers, and present locations of any informant, cooperating individual, or agent who supplied information or performed any role

whatsoever that resulted in the arrest of Springer. Dkt. 96. Springer requests the same information with regard to any individuals who were involved in any way with getting the informants or cooperating individuals in touch with the Government. *Id.* Springer also requests information about any details, events, and dates thereof leading up to the use, employment, cooperation, and the like of any informants, cooperating individuals, or agents that would reflect upon the person's motivation for and actions taken while assisting the United States or any other governmental agency. *Id.*

The Government does not seem to address whether it has used any confidential informants, cooperators, or agents. Dkt. 105. However, the Government has agreed to provide a list of all witnesses that will testify in its case-in-chief at trial. *Id.* at ¶ 6. The Government states that it has made no promises of benefit to any witness in this case, but will inform Springer should that change. *Id.* at ¶ 3. It further states that it will comply with its obligations for discovery under *Brady*, *Giglio*, Rule 16, and other authorities. *Id.* at ¶ 6.

To the extent the motion requests disclosure of information the Government has agreed to provide pursuant to *Giglio*, *Brady*, and Rule 16, the motion is GRANTED AS UNOPPOSED. To the extent the motion requests additional information not required by *Giglio*, *Brady*, and Rule 16, the motion is DENIED, as Springer has provided no authority indicating that he is entitled to additional information.

### VI. MOTION FOR DISCOVERY OF CRIMINAL RECORDS OF WITNESSES

Springer's request for prior criminal records of Government witnesses (Dkt. 97) is GRANTED AS UNOPPOSED to the extent he requests criminal records required under *Giglio*. *See* Dkt. 105 ¶ 1 (stating that the Government will make available copies of prior criminal records of

government witnesses, if any, that are in its possession, custody, or control, or that by due diligence become known to its attorneys).

### VII. MOTION FOR PRODUCTION OF LAW ENFORCEMENT INTERVIEW REPORTS OR NOTES WITH INDIVIDUALS WHO WILL NOT BE TRIAL WITNESSES

Springer requests that the court require the Government to produce all investigative reports or notes by law enforcement agencies that contain memoranda or interviews conducted by employees of those agencies with individuals who will not be called as witnesses at trial but who were interviewed during the investigation. Dkt. 98. Springer makes this request pursuant to *Brady*'s requirement that the Government produce exculpatory evidence. *Id.* Springer asserts that only Springer can determine what is exculpatory or favorable within his own theory of the case. *Id.*

*Brady* and its progeny do not require open access to all government records just in case there may be something relevant to the defendant's case. While it is true that there could in some circumstances be materials that the Government does not realize are exculpatory until it is more aware of the defendant's theory of his or her case, the Government here has noted that it is aware of its continuing duty to disclose required evidence. Dkt. 105. The court finds that so long as the Government complies with its obligations under *Brady* and its progeny and discloses materials as soon as it becomes aware that they may be exculpatory, then Springer's rights are protected. Springer's motion for production of all investigative reports or notes is therefore DENIED.

### VIII. MOTION FOR EARLY DISCLOSURE OF AGREEMENTS WITH GOVERNMENT WITNESSES

Springer requests that the court order the Government to disclose the terms and conditions of any agreements between the Government and any witness it plans to call at trial, thirty days before trial. Dkt. 99. Springer cites *Giglio* as a basis for his request. *See id.* As noted above, the

Government asserts that it has made no promises of benefit to any witness in this case, and that it will comply with requirements under *Giglio* as well as inform Springer of any changes. *See* Dkt. 105 ¶¶ 1–3. Springer's motion for disclosure of agreements with government witnesses is GRANTED AS UNOPPOSED to the extent he requests disclosure of materials required under *Giglio*. Since Springer has not identified a need for these materials thirty days before trial and nothing in the rules requires this early disclosure, his motion is otherwise DENIED.

### IX. Motion for Early Disclosure of Jencks Act Materials

Springer requests that the court order the Government to disclose all statements and reports within the meaning of the Jencks Act, 18 U.S.C. § 3500, thirty days before trial. Dkt. 100. Springer does not provide any reason for the request or cite any case law. *See id.* As noted above, the Jencks Act requires the Government to provide relevant witness statements or reports after the witness has testified at trial. 18 U.S.C. § 3500. Since Springer has not identified a need for these materials thirty days before trial and nothing in the rules requires this early disclosure, his motion is DENIED.

### X. Motion for Disclosure of Payments to Government Witnesses

Springer's motion for disclosure of payments made or promised by the Government to witnesses and informants (Dkt. 101) is GRANTED AS UNOPPOSED. *See* Dkt. 105 ¶¶ 2–3.

### XI. Motion for Preservation and Production of Rough Notes

Springer moves for the court to order the Government to preserve and produce all handwritten notes of all cooperating witnesses and law enforcement officers and agents as well as any statements attributed to Springer. Dkt. 102. He asserts that the notes of the agents and cooperating witnesses that have been used in the preparation of the final reports of the witnesses are subject to required disclosure, along with other Jencks Act materials. *Id.* He cites 18 U.S.C. § 3500,

Rules 16 and 26.2, and *Brady* in support of this request. *See id.* The Fifth Circuit does not require rough or original notes to be retained or made available for discovery purposes. *United States v. Jiminez*, 484 F.2d 91 (5th Cir. 1973); *United States v. Arriaga-Martinez*, No. 2:13–CR–00235 (1), 2013 WL 2617025, at *1–2 (W.D. Tex. June 10, 2013). The Government asserts, however, that it will review reports and notes written by officers involved in investigating this case and will notify Springer of any exculpatory or mitigating evidence. *See* Dkt. 105 ¶ 1.

Under Fifth Circuit law, even if the rough notes of an agent contain occasional verbatim recitations of phrases used by the person being interviewed, they are not necessarily a "statement" for Jencks Act purposes. *United States v. Cole*, 634 F.2d 866, 867 (5th Cir. 1981). Additionally, the Fifth Circuit has held that the Jencks Act does not require "that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports." *Id.* at 868 (quoting *United States v. Pacheco*, 489 F.2d 554, 556 (5th Cir. 1974)). Thus, if notes are "destroyed by an agent in good faith" there is no violation of the Jencks Act. *Id.*

Since the Fifth Circuit does not impose the requirement to preserve notes that Springer requests, and the Government has otherwise agreed to disclose any materials pursuant to Rules 16 and 26.2, the Jencks Act, *Brady*, and *Giglio*, Springer's motion is DENIED.

### XII. MOTION FOR NOTICE OF EVIDENCE UNDER RULE 12(B)(4)(B)

Springer moves for the court to order the Government to give notice of the its intent to use in its case-in-chief at trial any evidence Springer may be entitled to discover under Rule 16. Dkt. 103. The Government has agreed to comply with the Federal Rules of Criminal Procedure. Dkt. 105 ¶ 1. Accordingly, Springer's motion for Rule 12(b)(4)(B) notice is GRANTED AS UNOPPOSED.

### XIII. MOTION FOR EARLY DISCLOSURE OF IDENTITY AND WHEREABOUTS OF INFORMANTS AND COOPERATING INDIVIDUALS

Springer moves for the court to order the Government to disclose the identity and whereabouts of all informants or cooperating individuals who were participants in the transactions alleged in this case thirty days before trial. Dkt. 104. The Government states that it will provide Springer with a list of all witnesses that will testify in its case-in-chief at trial, and that it will comply with obligations under Rule 16, *Brady*, *Giglio*, and other authorities. Dkt. 105 ¶ 6. The Government does not address whether it has used any informants. Dkt. 105. Whether the Government must reveal an informant's identity involves "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982) (citing *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623 (1957)). If the Government has such information that it does not believe it is required to disclose, the court ORDERS that the Government provide it to the court for *in camera* inspection.

## XIV. Conclusion

The motions at docket entries 98, 100, and 102 are DENIED, the motions at docket entries 92, 95, 96, and 99 are GRANTED IN PART AND DENIED IN PART as explained above, and the motions at docket entries 91, 93, 97, 101, and 103 are GRANTED AS UNOPPOSED. The court defers ruling on the motions at docket entry 96, request thirteen, and docket entry 104 until the Government has provided the requested information and materials for *in camera* inspection.

Signed at Houston, Texas on March 25, 2015.

_____
Gray H. Miller
United States District Judge